FILED
2006 Feb-14  AM 09:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY POOLER, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-05-CO-00306-S |
| MILES COLLEGE, INC., | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The plaintiff in this action, Kimberly Pooler, alleges she was unlawfully terminated from her employment by the defendant, Miles College. Specifically, she claims she was subjected to disparate treatment due to her gender and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.[1]  The cause is presently before the Court for consideration of Defendant's motion for summary judgment.  (Doc. 18.)  The motion has been briefed and is ready for consideration.

---

[1] The plaintiff voluntarily dismissed her claim under the Fair Labor Standards Act.

II.     Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or

by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III. Discussion.

Plaintiff was hired at Miles College in August 2001 as the head coach for the women's basketball and volleyball teams. She coached for academic years 2001-2002, 2002-2003, and 2003-2004 and was terminated on May 22, 2004, by her immediate supervisor, Athletic Director Augustus James. Plaintiff claims she was terminated because of her gender and in retaliation for complaints about Dean of Students, Dr. Caroline Ray, who exhibited animosity toward female coaches.

Defendant contends it is entitled to summary judgment because the decision-maker, James, articulated a legitimate, non-discriminatory and non-retaliatory reason for Plaintiff's termination which Plaintiff cannot show

is pretextual.[2]  James testified that he decided to terminate Plaintiff because of her poor win/loss record.

When a plaintiff utilizes the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981) to create a presumption of illegal disparate treatment, the burden of production shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for its actions. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). The employer need not persuade the Court that it was actually motivated by the proffered reason, and the mere articulation of one or more reasons for the employer's action rebuts the presumption of discrimination and shifts the burden to the plaintiff to offer evidence that

---

[2] Defendant also contends that Plaintiff cannot establish her retaliation claim because there is no causal connection between her alleged protected activity, complaints about Dr. Ray's bias toward female coaches, and James's decision to terminate her. Plaintiff responds that she can establish causation because she "began" complaining to James after the meeting with Ray in October 2003, and she continued complaining about Dr. Ray to "defendant's employees" through the end of the basketball season in March or April of 2004. Alternatively, she contends that causation is established because James treated a similarly situated employee differently, terminating her male predecessor only after four or five losing seasons. The Court does not reach this causation question because Plaintiff cannot show the proffered reason for her termination, the team's poor win/loss record, is a pretext for discrimination.

the alleged reason offered by the employer is a pretext for illegal discrimination. Id. A plaintiff can show pretext by presenting evidence that the employer's stated reason for its adverse action is not credible or that the adverse action was actually motivated by a discriminatory reason. *Burdine*, 450 U.S. at 256.

> A. The "Cats-Paw" Theory.

Citing *McShane v. Gonzales*, 144 Fed. Appx. 779, 791 (11th Cir. 2005), Plaintiff argues that James's reliance on her poor win/loss record is pretextual because Ray actually caused her termination, using James as a "cats-paw" to effectuate her discriminatory and retaliatory motives.

In a "cats-paw" situation, the person with the unlawful animus clearly caused the adverse employment action, regardless of which individual actually signed the employee's "walking papers." *Llampallas v. Mini-Circuits Lab., Inc.*, 163 F.3d 1236, 1249 (11th Cir. 1998). "In effect, the harasser is the decisionmaker, and the titular "decisionmaker" is a mere conduit for the harasser's discriminatory animus." *Id*. However, the plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified

in the recommendation, was an actual cause of the decision to terminate the employee. *Stimson v. City of Tuscaloosa,* 186 F.3d 1328, 1331 (11th Cir. 1999). To meet this burden utilizing the "cats paw" theory, the plaintiff must show that the decision maker followed the biased recommendation without independently investigating the complaint against the employee. In such a case, the recommender is using the decision maker as a mere conduit for discriminatory animus. *Id.* 1332.[3]

In support of her theory that James acted as Ray's "cats-paw" to effectuate gender discrimination and retaliation, Plaintiff points to evidence from which a jury could find: (1) Ray was James's supervisor; (2) James was present in October 2003 when Ray told Plaintiff she preferred male coaches; (3) James told Plaintiff to "stay away" from Ray because he (James) was her supervisor; (4) Ray fired the volleyball coach who preceded Plaintiff because that coach made a student undress outside the locker room; and (5) James failed to forward her complaints about Ray to human resources as required by Defendant's policy.

---

[3] There is no question in this case about the identity of the decision maker as there was in *Quinn v. Monroe County*, 330 F.3d 1320 (11th Cir. 2003). The sole issue is whether Ray directly caused James to terminate Plaintiff.

A jury could not reasonably find that James acted as Ray's "cats-paw" based on this evidence. Except for Plaintiff's speculation and suspicion, she has not pointed to any evidence that Ray terminated Plaintiff, recommended Plaintiff's termination, or otherwise influenced James's decision to terminate Plaintiff.

B.  Alternative Theories of Pretext.

As an alternative to her "cats-paw" theory, Plaintiff argues a jury could find that James's proffered reason for her termination, the poor win/loss record, was a pretext for discrimination and retaliation because she improved the women's basketball program and, at the time of her termination, the school had its best win/loss record in five years.

If the employer rebuts the plaintiff's *prima facie* case by articulating one or more legitimate, non-discriminatory reasons for the adverse employment action, the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. *Wilson*, 376 F.3d at 1087, citing *Burdine*, 450 US at 255-26. "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it."

*Wilson*, 376 F.3d at 1088, citing *Chapman v. A-1 Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000).  Quarreling with that reason is not sufficient.  *Id*. A plaintiff may prevail on an employment discrimination claim by either proving that intentional discrimination motivated the employer or producing sufficient evidence to allow a rational trier of fact to disbelieve the legitimate reason proffered by the employer, which permits, but does not compel, the trier of fact to find illegal discrimination.  *Wilson*, 376 F.3d at 1088 (citations omitted).  *See Burdine*, 450 U.S. at 256 (plaintiff can show pretext by presenting evidence that the employer's stated reasons for its adverse action were not credible or were motivated by a discriminatory reason).

Plaintiff cannot show the stated reason for her termination, her poor win/loss record, is a lie.  It is undisputed that, in her first season as head coach, Plaintiff's basketball team had a 3-24 win/loss record.  In her second season, academic year 2002-2003, the team had a 4-19 win/loss record.  In 2003-2004, the team had a 6-21 win/loss record. The women's basketball team was ranked last in the Southern Intercollegiate Athletic Conference

(SIAC) during Plaintiff's tenure.  The volleyball team also had a losing record during Plaintiff's tenure.

Neither has Plaintiff otherwise presented evidence that James's decision was motivated by a discriminatory reason.  As discussed above, there is no evidence from which a jury could conclude that Ray's alleged discriminatory animus compelled James's decision and there is no evidence that James himself was motivated by gender discrimination.

IV.   Conclusion.

For the reasons set forth herein, the Defendant's motion for summary judgment will be GRANTED, and this action will be DISMISSED.  A separate order will be entered.

Done this 13th day of February 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153